UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE WHITE; CHANTELL WALD,

                Plaintiffs,

-against-                        19-CV-7308 (CM)

CON EDISON; HOUSING & SERVICES;     ORDER OF DISMISSAL
ADHY ADVISORS LLC,

                Defendants.

COLLEEN McMAHON, Chief United States District Judge:

Plaintiffs, appearing *pro se*, bring this action alleging that Defendants were negligent in failing to remedy a gas leak, and by failing to remove mold, roaches, rats, and garbage from in and around their apartment. By order dated September 23, 2019, the Court granted Plaintiff Nicole White's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

---

[1] Plaintiff Chantell Wald did not submit or sign an IFP application. The Court therefore only granted White's application for leave to proceed IFP.

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Id.* at 678-79 (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* at 679. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiffs Nicole White and Chantell Wald invoke the Court's diversity of citizenship jurisdiction, asserting that Defendants were negligent. Plaintiffs allege that, from February 2012 to March 2014 there was a gas leak in their apartment, as well as mold, roaches, rats, and garbage in and around their apartment. The complaint further alleges that, as a result of the gas leak, garbage, and mold, White has asthma, requires a wheelchair, and has chronic coughing and memory loss, and Wald suffers from mental health issues and required heart surgery in 2013 due

2

to carbon monoxide. The complaint also includes allegations of "entering apt. without authorization, fraudulent mental arrears [and] over charging." (ECF No. 2, at 6.)

Plaintiffs sue Con Edison, Housing and Services, and ADHY Advisors, LLC. They seek unspecified relief.

**DISCUSSION**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

Plaintiffs use a court form entitled "Complaint for a Civil Case Alleging Negligence," which indicates that the action is being brought under the Court's diversity of citizenship jurisdiction. But Plaintiffs do not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a

"reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiffs indicate that they and all three Defendants are citizens of the State of New York, therefore precluding complete diversity of citizenship.[2]

Plaintiffs also fail to demonstrate that the Court has federal question jurisdiction over this action. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiffs assert that Defendants were negligent, a claim that arises under state law, and the substance of the complaint does not otherwise indicate a federal cause of action against these Defendants under the Court's federal question jurisdiction.[3]

---

[2] The Court notes that Plaintiffs also fail to allege facts indicating that the amount in controversy is in excess of $75,000.00, the jurisdictional amount required to demonstrate diversity jurisdiction. *See* 28 U.S.C. § 1332.

[3] To the extent Plaintiffs' claims arise from a landlord-tenant dispute, the Court lacks federal question jurisdiction. *See Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) (amended summary order) ("[A] landlord-tenant dispute [is one] over which the federal courts simply have no [federal question] jurisdiction."); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (noting that "the landlord-tenant relationship is fundamentally a matter of state law" and that "[t]ime and again, district courts have disclaimed jurisdiction over landlord-tenant disputes") (citation and quotations marks omitted)).

The Court therefore dismisses Plaintiffs' claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**LEAVE TO AMEND**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiffs' complaint cannot be cured with an amendment, the Court declines to grant Plaintiffs leave to amend their complaint.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 16, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge